IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 09-cv-01926-CMA-KLM

BILLIE C. TURNER,

   Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

   Defendant.

---

**ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND REMANDING CASE TO STATE COURT**

---

This matter comes before the Court on State Farm's Motion for Partial Summary Judgment (Doc. # 20). Jurisdiction is proper pursuant to 28 U.S.C. § 1332. This is a contracts and torts case. Plaintiff Billie Turner alleges that Defendant State Farm Mutual Automobile Insurance Company ("State Farm") breached their contract and violated section 10-3-1116 of the Colorado Revised Statutes ("CRS § 10-3-1116") when it refused to compensate Plaintiff for injuries he suffered in an accident with an underinsured motorist. (Doc. # 1-2 at 2-3.) For the reasons stated below, the Court GRANTS State Farm's Motion for Partial Summary Judgment and REMANDS the case to state court.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Because the Court is addressing State Farm's Motion for Partial Summary Judgment, the Court views the facts in the light most favorable to Plaintiff, the nonmovant. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998). Thus, reasonable inferences are drawn and factual ambiguities are resolved in Plaintiff's favor. *Id.*

On August 12, 2005, Plaintiff and his daughter were involved in an automobile collision in Castle Rock, Colorado. (Billie C. Turner Dep., Doc. # 20-1 at 18:21-23.)[1] Jonah Decker, who is not a party in this case, caused a four-car collision when he rear-ended Plaintiff's vehicle. (Doc. # 1-2, ¶ 5.) Plaintiff sustained injuries in the collision, and incurred medical expenses totaling $9337.49, vehicle damages totaling $6224.59, and wage losses totaling $427.84. (Doc. # 20-1 at 32:8-13) Mr. Decker carried liability insurance with a $25,000 limit per claimant. (*Id.* at 28:8-10.) Plaintiff settled his claims with Mr. Decker for $24,500. (*Id.*)

At the time of the collision, Plaintiff had an automobile insurance policy issued by State Farm, which provided Plaintiff with underinsured motorist coverage. (Christopher Prudhomme Dep., Doc. # 20-2 at 14:9-10.) Plaintiff believed that $24,500 did not adequately compensate him for his injuries and, therefore, sent State Farm a demand requesting additional compensation. (Doc. # 20-1 at 29:9-11; Doc. # 20-2 at 14:5-6.)

---

[1] Page references for Doc. # 20-1 and Doc. # 20-2, which are deposition transcripts, are to the numbering used on the transcript pages. All other page references are to the Court's CM/ECF docketing system.

State Farm's claims representative assigned to Plaintiff's file, Mr. Prudhomme, did an evaluation of Plaintiff's injuries and resulting monetary losses. (Doc. # 20-2 at 34:20-22.) In determining that Plaintiff had been fully compensated, Mr. Prudhomme considered the following categories and assigned each a monetary value: (a) medical bills, (b) lost wages, (c) pain and suffering, (d) inconvenience, (e) loss of enjoyment of life, (f) injuries to Plaintiff's cervical spine, thoracic spine, and left shoulder, and (g) Plaintiff's headaches. (*Id.* at 35-38.) Although Mr. Prudhomme did not disclose the exact value he assigned to categories (c) through (g), the combined total value of the categories was apparently less than or equal to $24,500. (*Id.*) Therefore, State Farm believes Mr. Decker's insurance company fully compensated Plaintiff and refused to further compensate Plaintiff. (*Id.*)

Plaintiff commenced this action in July 2009 against State Farm in Colorado District Court, El Paso County. (Doc. # 1-2.) He claims that State Farm is liable for: (1) breach of contract and (2) violating CRS § 10-3-1116.[2] (*Id.* at 2.) State Farm filed its Answer on August 6, 2009 (Doc. # 1-5) and filed a notice of removal on August 13 pursuant to 28 U.S.C. § 1446, removing this case to United States District Court for the District of Colorado. (Doc. # 1.)

On June 14, 2010, State Farm filed a Motion for Partial Summary Judgment arguing that: (1) Plaintiff cannot prove all of the elements of a claim under CRS § 10-3-

---

[2] The at issue section of CRS § 10-3-1116 states: "(1) A first-party claimant as defined in section 10-3-1115 whose claim for payment of benefits has been unreasonably delayed or denied may bring an action in a district court to recover reasonable attorney fees and court costs and two times the covered benefit."

3

1116 because he has not designated an expert to testify about the applicable standard of care; and (2) Plaintiff has not provided any evidence that would permit a jury to determine that State Farm did not have a reasonable basis for denying his claim. (Doc. # 20 at 4.) On June 30, Plaintiff responded. (Doc. # 23.) On July 15, State Farm replied. (Doc. # 24.)

## II. STANDARD OF REVIEW

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In applying this standard, the Court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). A fact is "material" if, under the applicable substantive law, it is "essential to the proper disposition of the claim." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). An issue of fact is "genuine" if "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Id.* (citing *Anderson*, 477 U.S. at 248).

The moving party bears the initial burden of demonstrating an absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *Id.* at 670-71. In attempting to meet that standard, a movant that does not bear the ultimate burden of persuasion at trial need not negate the other party's claim; rather, the movant

4

need simply point out a lack of evidence for the other party on an essential element of that party's claim. *Id.* at 671 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).

Once the movant has met this initial burden, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256; *see Adler*, 144 F.3d at 671 n.1 (concerning the shifting burdens of summary judgment). The nonmoving party may not simply rest upon its pleadings to satisfy its burden. *Anderson*, 477 U.S. at 256. Rather, the nonmoving party must "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." *Adler*, 144 F.3d at 671 (internal quotations omitted). "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Id.*

Finally, the Court notes that summary judgment is not a "disfavored procedural shortcut," rather, it is an important procedure "designed to secure the just, speedy, and inexpensive determination of every action." *Celotex*, 477 U.S. at 327 (quoting Fed. R. Civ. P. 1) (internal quotations omitted).

### III. ANALYSIS

**A. SUMMARY JUDGMENT**

In order for an insurance company to be found liable under CRS § 10-3-1116, a plaintiff must prove that: (1) the plaintiff suffered damages; (2) the insurance company denied or delayed payment without a reasonable basis for its action; and (3) the insurance company's unreasonable conduct or position was a cause of the plaintiff's damages. CJI-Civ 25:4 (2010).[3]

State Farm asserts two arguments in support of its contention that partial summary judgment on Plaintiff's second claim should be granted in its favor. It argues that Plaintiff cannot prove the second or third elements of a claim under CRS § 10-3-1116 because Plaintiff has not: (1) identified any expert witness that could testify about the applicable standard of care; and (2) provided any evidence that would permit a jury to determine that State Farm unreasonably denied his claim. (Doc. # 20 at 4.)

With respect to the lack of evidence, State Farm argues that Plaintiff cannot point to any facts demonstrating that State Farm did not have a reasonable basis to deny his claim. (Doc. # 20 at 4.) In response, Plaintiff argues that the deposition of Mr. Prudhomme, State Farm's claims representative, demonstrates that genuine issues of material fact exist. (Doc. # 23 at 4-5.) Specifically, Mr. Prudhomme's failure to

---

[3] The Court is not aware of, and the parties do not cite to, any case law establishing the elements of a claim under CRS § 10-3-1116. The Court analyzes this claim pursuant to CJI-Civ 25:4 because the parties agree that CJI-Civ 25:4 establishes the elements of a claim under CRS § 10-3-1116.

provide data in support of his evaluations constitutes circumstantial evidence that his calculations lack a reasonable basis. (*Id.*) The Court disagrees.

The absence of facts does not create a genuine issue of material fact. *See Brock v. United Grinding Techs., Inc.*, 257 F. Supp. 2d 1089, 1097 (S.D. Ohio 2003) (holding that the absence of evidence does not create a genuine issue of material fact). It is undisputed that Mr. Prudhomme considered the following categories in which Plaintiff suffered losses: (a) medical bills, (b) lost wages, (c) pain and suffering, (d) inconvenience, (e) loss of enjoyment of life, (f) injuries to Plaintiff's cervical spine, thoracic spine, and left shoulder, and (g) Plaintiff's headaches. (Doc. # 20-2 at 35-38.) When Plaintiff's counsel asked Mr. Prudhomme in a deposition for the value he assigned to each category, Mr. Prudhomme refused to answer on the advice of State Farm's counsel.[4] Although Plaintiff's counsel stated that she was going to "take [this issue] up with the Court," Plaintiff has not filed a motion to compel with this Court, and the discovery deadline has since passed. (Doc. # 20-2 at 34:19; Doc. # 11 at 6.) Therefore, based on the evidence presented to the Court, a reasonable fact-finder could not find for Plaintiff, *i.e.*, there is no evidence that State Farm did not have a reasonable

---

[4] State Farm's counsel claimed that this information was privileged based on *Silva v. Basin Western*, 47 P.3d 1184, 1193 (Colo. 2002). However, *Silva* is inapplicable to this case. In *Silva*, the Colorado Supreme Court found that evidence of an insurance company's reserves and settlement authority is not discoverable in a third-party action against an insurance company. *Id.* The present case is a first-party action against an insurance company and, therefore, this information is likely discoverable. *See id.* ("The scope of discovery has thus been traditionally broader in first-party disputes between an insured party and his or her insurer. Reserves have been correspondingly more likely to be found discoverable in such actions." (citation omitted)).

7

basis for denying Plaintiff's claim.  *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998) (stating that the nonmovant must "set forth specific facts . . . from which a rational trier of fact could find for the nonmovant" (internal quotation marks omitted)).  Therefore, the Court grants summary judgment in favor of State Farm on Plaintiff's second claim based on CRS § 10-3-1116.[5]

**B.     JURISDICTION**

The Court has an "independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  The Court must presume that "a cause lies outside its limited jurisdiction." *Garrett v. Stratman*, 254 F.3d 946, 951 n.5 (10th Cir. 2001) (quoting *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)).  Because the Court grants partial summary judgment in favor of State Farm on Plaintiff's statutory claim, the Court questions whether the amount in controversy exceeds $75,000, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(a).  If Plaintiff prevailed on his statutory claim, he would have been entitled to "two times the covered benefit" and "reasonable attorney fees and court costs," pushing the amount in controversy to over $75,000.  CRS § 10-3-1116(1) (2009).  Plaintiff's remaining claim, however, is a breach of contract claim, and

---

[5] Because the Court concludes that Plaintiff has not provided any evidence that indicates State Farm acted without a reasonable basis in denying his claim, it need not address State Farm's first argument in favor of summary judgment.

there is no evidence before the Court that the amount in controversy on this claim exceeds $75,000. Therefore, the Court concludes that it no longer has subject-matter jurisdiction and remands this case to state court.

## IV. CONCLUSION

For the above reasons, it is ORDERED that:

1. State Farm's Motion for Partial Summary Judgment (Doc. # 20) is GRANTED;

2. Plaintiff's statutory claim pursuant to CRS § 10-3-1116 is DISMISSED WITH PREJUDICE; and

3. Because the Court concludes that it no longer has subject-matter jurisdiction, the case is REMANDED to Colorado District Court, El Paso County.

DATED: August __12__, 2010

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge